JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MARTIN VOGEL,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ELIDA SALAZAR dba ALBERTOS'S MEXICAN FOOD, and SOFIA SALAZAR dba ALBERTO'S MEXICAN FOOD,<br><br>　　　　Defendants. | Case No.: SACV 14-00853-CJC(DFMx)<br><br>**ORDER DISMISSING THE CASE FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING AS MOOT PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT** |

## I.　INTRODUCTION & BACKGROUND

　　Plaintiff Martin Vogel filed this action against Defendants Elida Salazar dba Alberto's Mexican Food and Sofia Salazar dba Alberto's Mexican Food (together, "Defendants") seeking injunctive relief for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, ("ADA") and various statutes under California state law.  (Dkt. No. 1 ["Compl."].)  Plaintiff, a paraplegic who uses a

wheelchair, attests that sometime prior to filing his complaint, he went to Alberto's Mexican Food Restaurant in La Habra, California (the "Restaurant"), but encountered physical and intangible barriers. (Compl. ¶ 10.) These barriers included, *inter alia*, access aisle and parking spaces with slopes that made it difficult for Plaintiff to unload and transfer from his vehicle. (*Id.*) Plaintiff further attests that because of these barriers, he has been "deterred from visiting the Restaurant . . . [and] continues to be deterred from visiting the Restaurant because of the future threats of injury created by these barriers." (*Id.* ¶ 11.) Plaintiff now applies for default judgment. (Dkt. No. 13 ["Default J. Appl."].)

Before the Court can consider Plaintiff's application, however, the Court must determine whether it has subject matter jurisdiction over Plaintiff's claims. Default judgment may not be entered if the court lacks subject matter jurisdiction. Rather, if the court finds that it lacks subject matter jurisdiction, it "has a *sua sponte* obligation to *dismiss* the action." Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 6:108.6 (The Rutter Group 2014). The Court finds that Plaintiff fails to allege or submit evidence showing that he has Article III standing to pursue his ADA claim. The Court therefore cannot exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Accordingly, the Court DISMISSES the case for lack of subject matter jurisdiction and DENIES AS MOOT the application for default judgment.

## II.  ANALYSIS

Plaintiff premises subject matter jurisdiction in this matter on his ADA claim. (*See* Comp. ¶¶ 3–4.) Plaintiff asserts that the Court has federal question jurisdiction over his ADA claim and supplemental jurisdiction over his remaining state law claims. (*Id.*) But Plaintiff must first establish that he has standing to assert his ADA claim. If he does not, the Court lacks Article III jurisdiction over that claim and the claim must be dismissed. In such cases, the Court has no discretion to retain supplemental jurisdiction over the

remaining state law claims. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002).

Article III standing requires a plaintiff to show (1) that the plaintiff has sustained an injury-in-fact; (2) that the injury is traceable to the defendant's actions; and (3) that the injury likely can be redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560−61 (1992). Here, the second and third elements are not at issue; the only question is whether Plaintiff has shown an injury-in-fact. *See Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 (9th Cir. 2002). To demonstrate an injury-in-fact, a plaintiff must suffer "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, *not conjectural or hypothetical*." *Lujan*, 504 U.S. at 560 (emphasis added) (internal quotation marks and citations omitted).

In the ADA context, a disabled individual can establish he has suffered an "imminent injury" if he intends to return to the noncompliant accommodation at issue. *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 949 (9th Cir. 2011). In the alternative, an individual can show he has suffered an "actual injury" when he is deterred from patronizing the accommodation due to a defendant's failure to comply with the ADA. *Pickern*, 293 F.3d at 1138: *see also Chapman*, 631 F.3d at 949 (defining the contours of deterrence by citing *Pickern*, 293 F.3d at 1138 and *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040–41 (9th Cir. 2008)). Under the second approach, however, deterrence cannot merely be conjectural or hypothetical. Where, as here, an ADA plaintiff asserts that he is deterred from visiting a noncompliant public accommodation, a court must engage in a fact-intensive inquiry to determine whether the plaintiff is truly deterred and would return to the establishment if the establishment were compliant with the ADA.

     In *Pickern*, for example, the plaintiff sufficiently established that he was deterred from returning to the premises at issue, a Holiday Foods grocery store. 293 F.3d at 1135. The plaintiff was a regular customer of the Holiday Foods store in his hometown, and the Holiday Foods chain was his "favorite" and was where he "look[ed] first" when he needed to buy groceries. *Id.* Although the store at issue was 70 miles from his residence, it was near his grandmother's residence, and he tried to visit his grandmother every week. *Id.* The plaintiff alleged that he preferred to patronize the Holiday Foods store when he visited his grandmother and would shop there if it were accessible, but was deterred from doing so. *Id.* The Ninth Circuit concluded that these facts were sufficient to establish injury for purposes of standing under the ADA. *Id.* at 1138.

     Similarly, in *Doran*, the plaintiff sufficiently alleged he was deterred from returning to the 7-Eleven at issue until it was ADA compliant. 524 F.3d at 1040. Although the store was 550 miles from his home, he had visited it ten to twenty times before. Moreover, the store was conveniently located near his favorite fast food restaurant in Anaheim, where he planned to visit at least once a year on his annual trips to Disneyland. *Id.* In his deposition, the plaintiff further stated that he planned to return to the store "once it's fixed." *Id.* at 1041. The court found that this disposition testimony, in addition to the alleged facts, demonstrated the plaintiff's continued deterrence from patronizing the store and his willingness to return to the store in the future once it was ADA compliant. *Id.* (finding that the plaintiff had sufficiently pled Article III standing).

     In stark contrast to these cases, Plaintiff here merely attests that because of "physical and intangible" barriers, he has been "deterred" and "continues to be deterred from visiting the Restaurant." (Compl. ¶ 11.) Such conclusory allegations are insufficient to establish standing. Unlike the plaintiffs in *Pickern* and *Doran*, Plaintiff does not allege or provide any facts that he actually would return to the Restaurant if it were ADA compliant. Specifically, Plaintiff fails to assert or point to any colorable facts

to prove that his assertion of deterrence is not merely hypothetical. Plaintiff only alleges he has visited the Restaurant on two prior occasions, without even pleading an approximate time frame for when he did. Based on these bare assertions alone, the Court finds Plaintiff has failed to establish that he has suffered an injury-in-fact and has constitutional standing to bring this suit.

Because Plaintiff has failed to sufficiently show that he is deterred from returning to the Restaurant in question, his ADA claim for injunctive relief fails to satisfy Article III's "actual injury" requirement. Nor does Plaintiff contend that he intends to return to the restaurant and therefore has suffered an "imminent injury." The Court thus lacks subject matter jurisdiction over Plaintiff's sole federal claim. Furthermore, the Court cannot exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

## III.  CONCLUSION

For the foregoing reasons, the action is DISMISSED for lack of subject matter jurisdiction and the application for default judgment is DENIED AS MOOT.

DATED:    October 24, 2014

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE